TRUETT, adm'r, *et al. v.* WILLIAMS, ordinary, for use.

1. An administrator should not be held liable to heirs at law for interest alleged to have accrued upon a judgment in their favor against him between the date of its original rendition and that upon which it finally became binding and conclusive after an affirmance by the Supreme Court, when it appears that such judgment was rendered by the trial court in a proceeding wherein these heirs were contesting with others for a fund in the administrator's hands for distribution; that in this litigation he was, as the custodian of this fund, a mere stakeholder; that as such he had not excepted to the judgment; and that he had kept the money ready to make payment at any time, making no interest thereon and not using it in his private business.
2. That he had, as the administrator upon the estate of another person, been a party to the proceeding in which such judgment was rendered, and had, in that capacity only, joined with other contestants who were dissatisfied with this judgment in excepting thereto, does not alter the rule above laid down.

Argued April 21, — Decided May 22, 1897.

Action on bond. Before Judge Butt. Harris superior court. April term, 1896.

*Brannon, Hatcher & Martin* and *B. H. Walton,* for plaintiffs in error.

*C. J. Thornton, L. L. Stanford* and *A. E. Thornton,* contra.

LUMPKIN, P. J.   An action was brought by the ordinary, for the use of certain heirs of Elijah Brakefield, against Truett and the sureties upon his bond as administrator, the declaration alleging that the plaintiff's usees were entitled to receive seven ninths. of the estate of the intestate in Truett's hands, and that he had not paid over or accounted to them for the same.   The defendants sought, by a special plea, to set up as a defense to the action the following facts:   At a previous term of the court, the plaintiff's usees obtained a judgment against Truett, as administrator, upon a citation for a settlement which had originated in the court of ordinary, to which proceeding other heirs at law of Elijah Brakefield, and Truett himself as the administrator of Mrs. Brakefield, the intestate's widow who had also died, were parties.   There was a contest between certain of the heirs at law on the one side, and the administrator of the widow and the remaining heirs on the other, as to how the proceeds of Elijah Brakefield's estate, in the hands of Truett as his administrator, should be distributed.   After a judgment was rendered in that proceeding, Joseph Brakefield and Elijah Brakefield Jr., two of the heirs (not parties to the present action), and Truett, as administrator of Mrs. Brakefield, moved for a new trial.   Truett, as administrator of Elijah Brakefield, was a party respondent to this motion.   It was overruled, and the movants brought the case to this court, where the judgment of the trial court was affirmed.   See 93 *Ga.* 686.   Immediately upon the remittitur being filed in the superior court, Truett, as administrator of Elijah Brakefield, tendered to the plaintiff's usees the amount in full of the judgment rendered in their favor, and demanded from each a receipt acknowledging a full settlement; but they refused to receive and receipt for the money thus tendered, unless Truett would also pay them interest from the date of the rendition of the original judgment upon the citation.   He had kept the money ready to make payment at any time, had not made any interest thereon, and had never used the same in his private business, and offered to pay the fund actually in his hands into court.   The special plea was rejected, and this is the error complained of.

Assuming that the defendants would have been able to establish by evidence the allegations of their plea, the question is: was Truett legally accountable to those heirs of Elijah Brakefield, who are the real plaintiffs in the present case, for interest on the judgment rendered against him in the proceeding which originated in the court of ordinary?

It will have been observed that Truett appeared in the litigation which was had before the institution of the present action in two entirely distinct characters, viz.: as administrator of Elijah Brakefield, and as administrator of the latter's widow. In the former capacity, he was a mere stakeholder, and as such had no interest or concern in the dispute which was finally settled by the judgment affirmed by this court in 93 *Ga.* In the latter capacity, he represented the interest of a deceased heir at law of Brakefield, and in that character was an active litigant in the controversy over the distribution of Brakefield's estate. The same individual is often called upon to execute entirely different trusts, and in so doing necessarily appears in a dual capacity. Whenever this happens, he is, for the purpose of ascertaining his rights and fixing his liabilities, to be treated as if he were in fact two distinct persons. Therefore, Truett, as administrator of Brakefield, was one person; and, as the administrator of Mrs. Brakefield, quite another. As administrator of the former, he acquiesced in the judgment obtained against him by the present plaintiff's usees, and was ready to pay them their money. If as the representative of Brakefield he had excepted to that judgment, it would have been fair and right to require him to pay interest during the time he prevented these persons from receiving what finally appeared to be their just dues. But he did not, as the administrator of Brakefield's estate, complain of the judgment, and it was brought to this court for review by Joseph Brakefield and Elijah Brakefield Jr., and by Truett as the representative of the estate of their deceased mother. What he did as her administrator is not, in law, imputable to him as the administrator of another person. Even if Truett, as the administrator of Mrs. Brakefield, had not joined in the motion for a new trial, it is probable, if not certain, that the case would have been

brought to this court anyhow by the other movants.  So, on the whole, the allegations of the rejected plea make it perfectly clear that Truett, as the administrator of Brakefield's estate, did nothing to delay payment of the money in his hands as such.  This being so, and this plea further alleging that he made no interest on the fund, directly or indirectly, he ought, if the plea speaks the truth, to be treated as a stakeholder constrained to hold a fund in dispute until the proper disposition of it could be ascertained by the final judgment of a court.

Our conclusion, therefore, is that, under the facts alleged, he ought not to be held liable for interest, and that the court erred in not allowing the plea to be filed.

*Judgment reversed.    All the Justices concurring.*