JAMES A. WILSON *et al.,* plaintiffs in error, *vs.* A. A. BELL, administrator, defendant in error.

A widow dying within less time than one year after administration on the estate of her deceased husband, without having made her election to take a child's part of the real estate, in lieu of her dower, her administrator is not entitled to receive or to recover such child's part after her death.

Distribution. Election by widow. Before Judge ROBINSON. Morgan Superior Court. March Adjourned Term, 1871.

This case was an appeal from the Court of Ordinary upon the distribution of the estate of Briggs H. Moultrie, deceased. Briggs H. Moultrie departed this life in August, 1862, intestate, leaving a widow and six children. His widow, Mary J. Moultrie, died in April, 1863. The defendant in error was appointed administrator, *de bonis non,* on the estate of Briggs H. Moultrie, in March, 1869. The commissioners appointed to make the distribution set apart to the administrator of Mary J. Moultrie one-seventh of the entire estate, she never having elected, during life, to take a child's part. The remainder of the estate was divided equally between the six children. The Ordinary confirmed this appointment, and an appeal was entered to the Superior Court. There being no question of fact involved, the case was submitted to the

Court.   After argument had, the decision of the Ordinary was affirmed.   Whereupon, four of the said children, being by a former wife of said Briggs H. Moultrie, deceased, excepted, and assign said ruling as error.

A. G. & F. C. FOSTER, for plaintiffs in error, cited Prince's Digest, 229 ; Cobb's New Digest, 230 ; 9 Ga. R., 189.

McHENRY & McHENRY, for defendant, cited Code, sections 2220, 2448, 2447 ; 9 Ga. R., 189.

WARNER, Chief Justice.

This case came on to be heard in the Court below on an appeal from the Court of Ordinary.   It appears, from the record, that Moultrie died intestate, in August, 1862, leaving a widow and six children, four of whom were by a former wife, and two by the wife living at the time of his death. In April, 1863, the widow of Moultrie died intestate, and Reid was appointed administrator on her estate.   The widow died within the time allowed by law for making her election to take a child's part of the real estate of her deceased husband, in lieu of dower, and without having made such an election.   The Court decided that, in the distribution of the real estate of Moultrie, the intestate, that the administrator of his widow was entitled to receive one share—that is to say, one-seventh part thereof.   This was error, according to the ruling of this Court in Beavors *vs.* Winn *et al.,* 9 Georgia Reports, 189.   The decision of the Court in that case controls the question made by the record in this case.

Let the judgment of the Court below be reversed.