TRUETT, administrator, *et al. v.* FUNDERBURK *et al.*

1. A widow's right to dower is not barred by an election to take in lieu of dower a provision made for her in her husband's supposed last will, he in fact dying intestate.
2. Inasmuch as the right to dower vests in the widow at her husband's death, if she dies before barring that right or divesting herself of it, she takes no interest in his lands which she can transmit to her heirs or devisees. She cannot have a vested right in a child's part so long as she has a legal right to dower.
3. There was no abuse of discretion in not granting a new trial because of the charge of the court or the finding of the jury touching the question of advancements.

April 9, 1894. Argued at the last term.

Appeal. Before Judge BUTT. Harris superior court. April term, 1893.

Heirs at law of Elijah Brakefield cited Truett as his administrator to a settlement. Appeal to the superior court was taken, where the following was admitted: Elijah Brakefield died in October, 1887, leaving a wife and a number of children or representatives of children, and a paper purporting to be his last will, whereby he devised nearly all his property to his wife and his two children by her, his other seven children being by a former wife. These seven filed a *caveat* to the probate of the proposed will, and the *caveat* was sustained in 1889. In 1890 Truett became administrator of the estate of Elijah Brakefield; he reduced the estate to cash, and after payment of cost and legal charges, had $4,282 for distribution among the heirs at law. Pending the litigation over the proposed will and before trial thereon, the widow died, leaving a will in which she devised to her two children the property devised to her in the paper set up as the will of her husband. Her will was duly probated and recorded in January, 1889, and Truett was appointed administrator with the will annexed. The widow did not apply for, have set apart or claim any dower in the realty of her husband's estate, and did not elect to take a child's part. It was agreed that the only issue to be submitted to the jury was, whether Elijah Brakefield in his life made any advancements to certain named of his children; and that all other questions be settled by decree of the court. The jury found that no advancement had been made to any of said children; and the administrator of Mrs. Brakefield, together with her two children, moved for a new trial for errors in the charge of the court touching advancements, which motion was overruled. It is unnecessary to set out the charges so assigned as error. During the term plaintiffs moved the court to decree that the sum in the hands of the administrator be equally divided between the children or representatives of de-

ceased children, to the exclusion of the administrator of Mrs. Brakefield the widow. Her administrator and children objected, and moved for a decree that he as such administrator receive one fifth of the sum in the hands of the administrator of Elijah Brakefield, and that the balance be divided between the nine children and representatives of children. The court decreed as prayed by plaintiffs, holding that, under the facts, the widow's administrator was not entitled to receive any of the fund in her right as heir at law.

PEABODY, BRANNON, HATCHER & MARTIN, WILLIS & PERSONS and B. H. WALTON, for plaintiffs in error.

C. J. THORNTON and L. L. STANFORD, contra.

LUMPKIN, Justice.

1. Elijah Brakefield left a paper purporting to be his last will, by which he devised nearly all his property to his wife and her two children. He also left surviving him a number of children by a former wife. The widow, supposing this paper to be a genuine and valid last will, elected to take under it instead of claiming dower, and herself made a will devising to her children the property which, by the supposed will of her husband, had been devised to her. Mrs. Brakefield died within one year of the death of her husband, and her death occurred pending litigation over the paper propounded as the will of her husband, and before there had been any administration on his estate. She had not applied for or claimed dower in the estate, nor had she elected to take a child's part. The litigation over the alleged will of her husband resulted in setting that paper aside. We do not think, under these circumstances, the widow's election to accept the provision made for her in that paper barred her of her right to dower. Had she lived until the litigation was ended, she could have obtained dower in his estate, because her election previously

made under an entire misapprehension as to the real character and effect of the supposed will could not, in law, equity or morals, have been binding upon her. Therefore, in point of fact, her right to dower was never lost, but was a subsisting and valid right up to the time of her death. Had she deliberately elected to take a child's part of the estate in lieu of dower, the case would have been different. The present case differs essentially from that of *Brown et al.* v. *Cantrell et al.,* 62 *Ga.* 257, in which it was held that where a widow, during the time within which she had the privilege of electing against dower, sold the whole of the deceased husband's land, or an estate in it beyond the term of her own life, her election not to take dower was complete and final, although the effect of the conveyance by her was simply to pass her distributive share in the estate.

2. Under the act of December 9, 1841 (Cobb's Digest, p. 230), amending the act of December 10, 1807 *(Ibid.* p. 227), it was "the duty of every widow, within one year after letters testamentary or of administration [had] been granted on her husband's estate, to make her election or portion out of the estate of the deceased," and upon failure to do so, she was declared subject to the disability specified in the original act of 1807, viz: that in such event, she should "be considered as having taken her dower or thirds, and [should] forever after be debarred from taking any other part or portion of the said estate." These acts were construed in *Beavors, executor,* v. *Winn et al.,* 9 *Ga.* 189, in which it was held that where a widow died in less than one year after administration on the estate of her husband, without having elected to take a child's part of the real estate, her executor could not, after her death, recover from the administrators of her husband such child's part. Judge NISBET says, on pages 193–4: "By the statute, the widow has one year within which to elect,

v 93-44

and if the election is made on the last day of that year, it would entitle her to a child's part or portion. The statute declares that, failing to elect, she is to be considered as having taken her dower, and shall be debarred of all farther or other part or portion of the estate. If, then, at the expiration of the year, she has not elected, she being still in life, she is considered as having taken her dower; so, also, at any other period within the year, up to which period she has made no election, she is considered as, at that period, having taken her dower. At all times within the year she is considered, by the terms of the statute, as taking her dower, unless she has furnished evidence to the contrary, by proof, of having elected to take a child's part. The choice is between dower and a child's part—she chooses to take dower, negatively, by doing nothing—she chooses a child's part, affirmatively, by declaring, in some overt act susceptible of proof, her choice. If, then, at any time within the year she dies, not having at that time elected a child's part, the conclusion of the law is, that at that time she had elected to take her dower. She is by law a tenant in dower." Again, in *Wilson et al.* v. *Bell, adm'r,* 45 *Ga.* 514, the same ruling was made upon the authority of the case above cited. See, also, *Nosworthy et al.* v. *Blizzard,* 53 *Ga.* 668. In each of these cases there was an intestacy of the husband, and they were all decided under the act of 1841, which, in effect, was construed to mean that the widow had, primarily, a right to take a child's portion of the estate of her deceased husband, provided she exercised her election so to do within the year prescribed by the act; but if she died during that year, without having made such election, her right to a child's portion was lost because neither her executor nor her administrator could, after her death, make the election for her.

Upon the death of a husband, the right to dower im-

mediately vests in the widow. This right is barred by her election, " within twelve months from the grant of letters testamentary or of administration on the husband's estate, to take a child's part of the real estate, in lieu of dower." Code, §1764, par. 3. Again, in section 2484, par. 3, it is provided: "If the wife elects to take her dower, she has no farther interest in the realty." Therefore, the widow's right to a dower is perfect and complete, so far as a choice between it and a child's part is concerned, until she bars herself of the right to take dower by electing to take in its stead a child's part. In case she dies during the year elapsing from the grant of letters testamentary or of administration on her husband's estate, without barring or divesting herself of the right to dower, it is certainly true that, up to the time of her death, this right existed. Until she has, herself, defeated the same, she may be regarded as holding on to it; and so long as she does this, she certainly cannot have a vested right in a child's part in the realty which would, at her death, become a part of her estate and be transmitted to her heirs or devisees. This conclusion follows, we think, from the reasoning of Judge NISBET in the *Beavors* case, *supra*, though, of course, the facts of that case were not precisely the same as in the case at bar, nor were the terms of the statute he was construing identical with the provisions of the code as contained in the sections above cited.

3. The motion for a new trial complains of various charges of the court as to the law of advancements. While we do not fully indorse all the language of the court upon this subject, we find no error requiring the grant of a new trial, especially as we are satisfied with the finding of the jury touching the question of advancements. There was some evidence which might have authorized the jury to find that Mr. Brakefield had made an advancement, or advancements, to one or

more of his children, by giving them a slave, or slaves; but the evidence did not require the jury to so find, and in view of the subsequent emancipation of all slaves, and the fact that Mr. Brakefied lived until 1887, it is quite probable that even if he had so intended originally, he himself ceased to desire that such gifts should be counted as advancements.

In the argument here, counsel on both sides treated the fund in the hands of his administrator for distribution as if it was derived entirely from realty. No question was made as to the right of Mrs. Brakefield to a child's part in any of the personal estate of her deceased husband, or as to any right of her children to receive the same under her will.　　　　　*Judgment affirmed.*