## SNIPES *v.* PARKER *et al.*

1. The 25th rule of the superior courts, in force prior to June 25th, 1879, providing that no party should be permitted to defend an ejectment cause without admitting that he was in possession of the premises in dispute at the commencement of the action, was, in the month above mentioned, so amended by the judges in convention as to render it applicable to statutory actions of complaint for land. It was within the power of the judges to thus amend this rule; and it is still of force as amended, not having been changed by the convention of 1893.

2. When a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part or have dower assigned therein; and unless it affirmatively appears that, within the time prescribed by law, she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty.

3. Prior to the act of September 27, 1883, amending paragraph 6 of section 2484 of the code, a mother, unless a widow, did not inherit with the brothers and sisters of her deceased child.

4. A man whose deceased wife's father died in possession of land could, as her sole heir (she having, before her death, inherited all the interests of her coheirs in the premises), recover the

land upon the strength of her ancestor's possession from one who did not show a better title; and, in such case, the plaintiff's right to recover, though he married before 1866, would in no way be affected by the question whether he did or did not, in the exercise of his marital rights, reduce the land to possession as his own during the lifetime of his wife.

June 8, 1896.  By two Justices.  Argued at the last term.

Complaint for land.  Before Judge Hart.  Baldwin superior court.  July term, 1895.

*C. P. Crawford*, for plaintiff.
*Whitfield & Allen*, for defendants.

LUMPKIN, Justice.

1. The 25th rule of the superior courts, as it stood prior to June 25th, 1879, was by its terms confined to actions of ejectment; that is, to suits for land brought in the fictitious form.  Accordingly, this court, in the case of *Gabbett* v. *Sparks*, 60 *Ga.* 582, held that the rule in question was not applicable to statutory actions for the recovery of land. The convention of judges in 1879 amended the rule so as to make it also apply to actions of the latter kind, and the rule as thus amended was not changed by the convention of judges which assembled in 1893.  It was contended in the present case, however, that the judges had no power or authority to make the amendment above mentioned.  We are utterly unable to perceive why they could not.  Code, §3246.  The truth is, there is no good reason why such a rule should not apply as well to one class of these actions as to the other.  Why should any person not in possession of the premises in dispute, either in person or by tenant, care to defend an action for their recovery; and as to him, what difference could it make as to the form of the action?  It would seem, in either event, he had no interest in the matter.  We do not understand that the trial judge ruled contrary to the views above expressed.  The somewhat confused record sent up in this case seems to indicate that he did not, and we are quite confident that this is the truth of

the matter, for it is not at all probable that so clear-headed a judge as we know him to be would make a mistake about a question of practice so free from doubt or difficulty. The question, however, appears to have been discussed at the trial below, and we have ruled upon it simply to set it at rest.

2. When a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part or have dower assigned therein. The widow may elect to take either, but cannot have both. If, within the time prescribed by law, the widow does neither, the title to the realty of the deceased vests absolutely in his children. Until barred of her right to make her election between dower and a child's part, the widow is free to take whichever she chooses. The right to take a child's part expires after the lapse of twelve months from the granting of letters testamentary or of administration on the husband's estate; whereas, the right to dower is barred by a failure to apply for the same within seven years from the death of the husband. Code, §1764, pars. 3 and 4. After the right to take a child's part has become barred, she may still have dower within the seven years limited. There is never a presumption that she will take a child's part. See *Truett, adm'r,* v. *Funderburk,* 93 *Ga,* 686, and cases cited. Consequently, unless in a given case it affirmatively appears that within the twelve months allowed by law she actually elected to take a child's part, there is no presumption that she ever had any vested estate in fee in the land of the deceased.

3. As the law stood prior to the act of September 27th, 1883 (Acts of 1882-3, p. 66), amending the 6th paragraph of section 2484 of the code, a mother, unless a widow at the time of the death of one of her children intestate, did not inherit with the brothers and sisters of such deceased child, or take any interest in the estate left by the latter.

4. It was shown by the plaintiff in the present case, that

his wife's father, John Norr, died in possession of the premises in dispute about the year 1846 or 1847, claiming the same under a deed thereto. He left a widow, two sons and a daughter. His widow married one Grimes in 1855, and his daughter married the plaintiff in December, 1860, and died in 1873. Neither of the sons ever married. Both entered the Confederate service; one was killed in 1862, and the other was reputed dead, never having been heard from since the war. In 1861, when plaintiff himself entered the Confederate service, he carried his wife back to her home on the disputed premises, where she remained till the plaintiff's return at the close of the war. He "cropped" the premises in 1865, and again in 1875, living on the place; and then gave possession of it to Mrs. Grimes, his mother-in-law, who, with his consent and permission, continued to occupy the premises until her death, about eight years before the trial.

The defendants introduced no evidence whatever. The question, therefore, is whether or not the plaintiff was entitled to recover the premises upon the state of facts proved by him. The trial judge instructed the jury that "unless plaintiff reduced the premises to his possession in his wife's lifetime, his marital right would not attach to her interest therein, and they should find for the defendants." If the plaintiff is the sole heir of his deceased wife, this charge did not apply the proper test to his right to recover; for in that capacity he could recover independently of the question as to whether or not he had, by virtue of the marital rights, reduced the property to possession as his own prior to her death. In the light of the record before us, we have dealt with the case upon the assumption that he is her sole heir. This may not be the real truth of the case; and if not, the next hearing can be shaped in accordance with the facts as they then appear; but our decision must be understood as having been made upon the idea that the plaintiff inherited his wife's entire estate. Treating him as her sole

heir, his right to recover seems clear. From this point of view, how stands the case?

Under the law as announced in the second division of this opinion, the conclusion to be drawn from the facts proved by the plaintiff is that the widow of John Norr never had any vested estate in fee in the premises; and if, indeed, she ever exercised her right to take dower therein, such dower estate necessarily terminated at her death, some eight years before the trial. Therefore, it would appear that the plaintiff's wife and her two brothers each took an equal share in this land at the death of their father. Upon the death of these two brothers—neither having ever married, and, so far as appears, both having died intestate—she inherited the entire interest of both in the land, their mother having previously again married; for such was the law of descent prior to 1883, as is shown in the third division of this opinion. Thus, prior to the death of the plaintiff's wife, it would seem that the entire fee in the land became vested in her; and the plaintiff claims the premises by virtue of this apparently perfect right and title in his wife at the time of her death. In view of the repeated rulings of this court, it cannot be questioned that she would, independently of any possession of her own, have a perfect right, were she in life, to recover the premises upon the strength of her father's possession at the time of his death, as against one who failed to show a better title or right of possession. And in her right, and as her only heir at law, the plaintiff could do likewise.

As above hinted, we fear that the record does not disclose the whole truth of this case as it appeared at the trial below. We do not see how the charge on the subject of the plaintiff's marital rights could have been given, unless it had some application to the issues then presented by the evidence. The judge would hardly have given this charge if it was totally inapplicable, as must have been apparent if the plaintiff's right to have his deceased wife's entire

estate as her only heir was perfect and complete, without
regard to the question of his marital rights.    Be this as it
may, we have done the best we could with the record before
us.    As there is to be another trial, the whole case can be
brought out, and doubtless the correct result will be
reached.                                        *Judgment reversed.*