## FARMERS BANKING COMPANY, for use, etc., *v.* KEY, adm'x.

1. Construing the rule of inheritance laid down in paragraph 3 of section 3355 of the Civil Code in the light of paragraph 3 of section 4689, and of the statutes from which these sections were codified, a widow does not, by virtue of this rule, become vested, as heir at law, with an absolute estate in any portion of the property which belonged to her deceased intestate husband, but merely has the right to take a child's part, or, in certain cases, one fifth thereof ; and if she does not elect so to do within twelve months from the grant of letters of administration upon his estate, such right is lost, and, so far as the realty is concerned, she is remitted to the right of obtaining her dower by applying therefor within the time prescribed by law. Failing to do this, she has no leviable interest in such realty.

2. An election to take a child's part may be presumed from conduct as well as shown by evidence of an express exercise of this right.

3. The question involved in the present case as to whether or not the acts and conduct of the widow amounted to an election to take a child's part was fairly submitted to the jury, and the evidence warranted a finding that she did not.

4. There was no error in refusing the requests to charge.

Argued November 12.—Decided November 28. 1900.

Levy and claim. Before Judge Harris. Meriwether superior court. August term, 1900.

In February, 1894, the Farmers Banking Company, for the use of the Georgia Railroad and Banking Company, obtained a judgment against Mrs. L. C. Key. The execution issuing therefrom was, in April, 1900, levied upon a one-fifth undivided interest in certain described lands, which was claimed by Mrs. L. C. Key as administratrix of the estate of J. G. W. Key, deceased. Upon the trial of the claim, counsel for the plaintiff and claimant agreed upon the following statement of facts: " 1. That J. G. W. Key died intestate on September 9th, 1888, owning, seized, and possessed of the 267 acres of land in Meriwether county, Georgia, described in the levy of the above fi. fa., and claimed by Mrs. L. C. Key as administratrix of said J. G. W. Key, deceased. 2. That said J. G. W. Key died leaving a widow, Mrs. L. C. Key, defendant in fi. fa., aged now about fifty-three years, and nine children, seven of whom were minors and two were of age, and that now six of said children are of age, and three are minors. 3. That at the February term, 1899, of the court of ordinary of said county of Meriwether, the said Mrs. L. C. Key was granted letters of administration upon the estate of her husband, the said J. G. W. Key. 4. That ever since the death of her said husband, the said Mrs. L. C. Key has continuously been in possession of said land, appropriating it and receiving the rents and profits thereof for herself and children. 5. That for every year since the death of said J. G. W. Key the said Mrs. L. C. Key has returned said land for taxes in her own name, individually. 6. That said Mrs. L. C. Key, administratrix as aforesaid, has never filed but one annual return in the court of ordinary, and that one was filed July 5th, 1891."

Mrs. L. C. Key testified as follows: " I am the widow of J. G. W. Key, deceased. Am administratrix of his estate. I never took dower in my husband's estate, nor have I ever elected to take a child's part. I never intended to take either. I had an agreement between the children that were of age that I should stay on the place and be supported out of it with the minor children, and when the youngest child became of age the land was to be divided among the children. I have been in possession of the land ever since his death, and have received the rents and profits for myself and chil-

dren. We have ever since appropriated it for our support and maintenance. I have never made but one return as administratrix of my husband's estate. I gave in the land of my husband's estate in my own name, and not as administratrix."

The jury found the property not subject, and the plaintiff moved for a new trial. Among other things, the motion complains that the court erred in refusing to give in charge the following written requests: "That the administratrix had no right to appropriate any of the lands of her husband to her own use, nor any of the rents and profits thereof." "That the administratrix had no right to appropriate the lands of her husband, or to receive the rents and profits thereof, unless she claimed an interest in her husband's estate." A new trial was refused, and the plaintiff excepted.

*Terrell & Terrell*, for plaintiff.    *W. S. Howell*, contra.

Fish, J. 1. The act of December 10, 1807 (Cobb's Dig. 227), provided that "It shall be the duty of all widows, within one year after the death of their husbands, to make their election or portion out of the estate of the deceased; and any such widow so failing to make her election shall be considered as having taken her dower or thirds, and shall forever after be debarred from taking any other part or portion of the said estate." This act was amended December 9, 1841 (Ib. 230), by changing the time within which widows should make such election from "within one year after the death of their husbands" to "within one year after letters testamentary or of administration have been granted on [the] husband's estate." Section 3355 of the Civil Code, setting forth the rules of distribution, provides in paragraph 3 that "If there are children, or those representing deceased children, the wife shall have a child's part, unless the shares exceed five in number, in which case the wife shall have one fifth part of the estate. If the wife elects to take her dower, she has no further interest in the realty." In paragraph 3 of section 4689 it is declared that dower may be barred "by the election of the widow, within twelve months from the grant of letters testamentary or of administration on the husband's estate, to take a child's part of the real estate in lieu of dower." The Code of 1863 contained sections in the exact language of those just quoted from the Code of 1895. Construing these sections of the Code together and in connection with the statutes from which they were codified,

and in the light of the decisions of this court thereon, we come to the conclusion set out in the first headnote.   See *Beavors* v. *Winn,* 9 *Ga.* 189;  *Wilson* v. *Bell,* 45 *Ga.* 514;  *Nosworthy* v. *Blizzard,* 53 *Ga.* 668;  *Truett* v. *Funderburk,* 93 *Ga.* 686;  *Snipes* v. *Parker,* 98 *Ga.* 522.   The ruling now made is directly supported by that made in *Snipes* v. *Parker,* supra.   That, being a decision rendered by two Judges, is not binding authority, and its correctness was questioned here; but, after mature deliberation, we adhere to it as expressing the true law of the question involved.

2, 3.   Counsel for plaintiff in error contend that Mrs. Key, having been in possession of the land since her husband's death and until after her right to dower had been barred by lapse of time, a presumption arose that she intended to take a child's part; and *Sewell* v. *Smith,* 54 *Ga.* 567, is cited in support of such contention. It is quite true that an election to take a child's part may be presumed from conduct, as well as shown by evidence of an express exercise of this right, and the case cited is direct authority for this proposition; but the facts of that case and those of the case in hand are essentially different.   There the intestate died leaving as his heirs at law a widow and two children.   She remained in possession of the land until long after her right of dower was barred, without making any express election.   It was held that a legal presumption arose that she elected to take a child's part, especially so when such course was most manifestly to her interest.   There was nothing in that case tending to show that she did not intend to take a child's part, except the fact that she had not expressly done so. It appeared that she had kept possession of the land, seemingly in her own right, until long after her right of dower had been barred; and the decision rendered proceeded upon the idea that every person would accept a beneficial interest and would naturally, where an election was presented, take that which was the more beneficial. In that case the circumstances warranted a presumption that the widow intended to take some interest in her husband's estate, and the court simply held that, this being so, naturally she would prefer a child's part; for, under the facts there appearing, that gave her one third in fee, whereas if she took dower she would only obtain one third for life.   In the case now under consideration, though the widow remained in possession of the land until her right of dower had been barred, there was evidence to the effect that she

did not hold it for herself, but that, under an agreement with the adult children of the intestate, she held it for the use of herself and his minor children until the youngest of them should become of age, and then the land was to be divided among all the children. She testified positively that she did not elect to take a child's part and never intended to take it. Conceding, therefore, that in the present case it was an open question whether the conduct of the widow did or did not amount to an election to take a child's part, the issue was fairly submitted to the jury, and their finding that she did not so elect was sufficiently supported by the evidence.

4. Whether the requests to charge, which are set out in the report preceding this opinion, were abstractly correct or not, there was no error in refusing to give them, because they had no bearing on the issues involved. A widow who does not take a child's part or dower may not, relatively to the heirs at law, be entitled to a support out of the estate, but this is a question between her and them, and not between her and her creditors. The only other request to charge which the judge refused was fully covered in his general charge.

The foregoing deals with all the questions argued before this court.　　　*Judgment affirmed.　　All the Justices concurring.*