# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## MARCH TERM, 1921.

---

### LAWRENCE v. WALTERS et al.

1. A special demurrer to a petition to have a deed declared void, having been met by amendment, was properly overruled.
2. A nonsuit was properly refused.
3. In view of the charge of the judge to the jury, and of the record, the exception to a specified instruction is not sustainable.
4. The verdict was supported by evidence.

No. 2110. MARCH 16, 1921.

Equitable petition. Before Judge Kent. Laurens superior court. June 5, 1920.

To the summary of facts given in the opinion it may be added that the petition alleged the following: J. E. Lawrence was twice married. The sole issue of the first marriage was Mrs. Estoria Walters, one of the plaintiffs. The other plaintiffs, minors for whom appearance is made by next friend, are the issue of the second marriage. Some years immediately before his death J. E. Lawrence was very depressingly afflicted, having suffered for about twenty-one months from a total loss of understanding, being mentally without reason and recollection, and incapable of exercising any volition or will power. (Par. 8) On the morning of February 24, 1916, when he had been in convulsions the night before, and while he was mentally and physically helpless on his bed, his wife (the defendant) caused him to sign and attach his name and signature to a deed purporting to reserve to him a life-estate, with remainder to her,

conveying the realty therein described and personal property worth approximately $1000; a copy of which deed is attached as an exhibit.

To paragraph 8 the defendant demurred specially, because the allegations were too vague, indefinite, and uncertain to be the basis of a recovery, no definite or specific act or acts being charged whereby the defendant caused Lawrence to execute the deed; and because the allegations as to personal property were too vague, indefinite, and uncertain, no items of personalty being set forth with the value of each item, so as to put defendant on notice of what personal property she had received. To meet this demurrer the plaintiff amended by alleging: "That said personal property consisted in the main of the following described items, to wit:· two mules, one buggy and wagon, six hogs, about 350 bushels of corn, about 2500 bundles of fodder, cane-mill and boiler, farm implements, and other personalty of the minimum value of at least one thousand dollars. That while the said J. E. Lawrence was weakened by mental and physical affliction as hereinbefore and hereinafter alleged, the said Mary Lawrence, through her influence as nurse and wife and sole custodian of the physical and business welfare of the deceased, had him to sign his name to said instrument while he was upon his death-bed, his mind a mental blank, his body a physical wreck, thereby substituting her will for that of the deceased, the latter at the time being not possessed of that mind or reason equal to a clear understanding of the nature of his act in signing said deed or the consequences thereof." This amendment was allowed, and the demurrer was overruled; and the defendant excepted.

The petition further alleged (par. 10) that the defendant took advantage of the physical and mental condition of the deceased, having the deed prepared in the city of Dublin and drawn for him to sign under the conditions stated; the deed being executed in secrecy so far as the members of the family were concerned. The deceased was not only afflicted greatly in mind and body at the time of the execution of said deed and for some time before, but his wife by virtue of their confidential relations exercised a controlling influence over his will power, and was capable at all times of substituting her own will for his. Taking advantage of her own position and the enfeebled condition of the deceased, who had been in convulsions during the night preceding the morning when the deed was executed, she procured the same, thereby undertaking to deprive and defraud

petitioners of their inheritance in said land, it being apparent at the time that J. E. Lawrence could live but a few days longer. It does not appear that paragraph 10 was demurred to.

*Ira S. Chappell* and *Owens Johnson,* for plaintiff in error.

*R. Earl Camp,* contra.

HILL, J. J. E. Lawrence died in March, 1916, leaving a wife and five children, Mrs. Estoria Walters and four others. During his life Lawrence executed a deed conveying the entire property in controversy to his wife, Mrs. Mary Lawrence. The children of J. E. Lawrence brought suit against the widow for the recovery by each of a one-sixth undivided interest in the property; and they sought to have the deed declared void on the ground that the grantor was insane at the time of the execution thereof. A special demurrer to one paragraph of the petition was filed by the defendant, and was overruled after the petition was amended so as to meet the special demurrer. On the conclusion of the plaintiffs' evidence the defendant moved for a nonsuit, which was refused, and the defendant excepted. The defendant then offered evidence; and the jury returned a verdict for the plaintiffs. A motion for new trial was overruled, and the defendant excepted.

1. The special demurrer was met by the amendment to the petition.

2. The motion to nonsuit the case was properly overruled.

3. The second and only remaining special ground of the motion for new trial complains that the court erred in charging the jury that if they should find for the plaintiffs the latter would be entitled to recover five sixths of the property in controversy; and this charge is criticised, first, on the ground that the evidence showed that there were more than five shares in the estate under consideration; and second, that, under the statute which provides that where there are more than five shares the widow shall be entitled, upon election, to a one-fifth interest in the estate, the defendant in this case was entitled to the one-fifth, and that consequently the other heirs, the plaintiffs in this case, could not be entitled to one-sixth each in the estate (meaning that they would be entitled to a one-fifth of the four-fifths remaining after the widow took her share). The first criticism is without merit, because the charge complained of distinctly recognizes that there are more than five shares, as contended by the defendant; and the second exception to the charge cannot

avail the plaintiff in error here, because it does not appear from the record that the widow had made an election to take the one-fifth interest in the estate which might have been allowed her under an election, but based her entire defense upon the contention that she was vested with the entire estate under the deed which the jury found to be void. *Hanvy* v. *Moore*, 140 *Ga.* 691 (2), 692 (79 S. E. 772); *Snipes* v. *Parker*, 98 *Ga.* 522 (25 S. E. 580); *Farmers Banking Co.* v. *Key*, 112 *Ga.* 301 (37 S. E. 447); *Jossey* v. *Brown*, 119 *Ga.* 758 (11), 764 (47 S. E. 350).

4. The verdict was supported by evidence.

*Judgment affirmed. All the Justices concur, except George, J., absent.*