BIRD, administrator, *v.* DYKE, administrator, *et al.*

The wife of an intestate, under our statute of distributions, occupies the same degree with children or those representing deceased children; and is entitled, without election, to a child's part, unless the shares exceed five in number, in which case she is entitled to one fifth part of the personalty of her deceased husband, and such part of the whole estate, if she elects to take a child's part of the realty.

No. 4145.   APRIL 18, 1924.

Equitable petition. Before Judge Custer. Decatur superior court. December 4, 1923.

*T. S. Hawes, D. R. Bryan, John R. Wilson,* and *M. L. Ledford,* for plaintiffs in error.

*C. W. Wimberley, W. M. Harrell, Eldon L. Joiner, G. G. Bower,* and *M. E. O'Neal,* contra.

HINES, J. There is but one question in this case, and that is this: Is the widow of an intestate, who is mentally incapable of electing to take a child's part in the estate of her deceased husband, and who did not in fact elect to so take, entitled, as his heir at

law, to one fifth interest in the personal estate of the intestate, the latter leaving a widow and five children?

The title to the real estate of an intestate vests immediately in his heirs at law. Title to all his other property vests in his administrator for the benefit of his heirs and creditors. Civil Code (1910), § 3929. The Code defines who are the heirs of an intestate. Civil Code (1910), §§ 3930, 3931. If an intestate husband leaves a wife and "children, or those representing deceased children, the wife shall have a child's part; unless the shares exceed five in number, in which case the wife shall have one fifth part of the estate. If the wife elects to take her dower, she has no further interest in the realty." Id. § 3931 (3). This language is as clear as daylight. "The wife shall have a child's part." If "the shares exceed five in number, . . the wife shall have one fifth part of the estate." This language is luminous and unmistakable. It is as plain as the nose on a man's face. "If the widow elects to take dower, she has no further interest in the realty." Here we have a negative pregnant, with the affirmation that if the widow elects to take dower, and thus loses her interest in the realty, she still has her share in the personalty. So we think that the wife of an intestate is entitled to a child's share in the personal estate of her deceased husband, without election. Her right to a child's share in the personalty does not depend upon election, but upon the plain language of our statute of distributions. There may be some confusion upon this subject, growing out of those decisions of this court which deal with the right of a wife to a child's share in the realty of her dead husband, and of the respective statutes construed in those decisions. The act of 1807 declared that "it shall be the duty of all widows, within one year after the death of their husbands, to make their election or portion out of the estate of the deceased; and any such widow, so failing to make her election, shall be construed as having taken her dower or thirds, and shall forever after be debarred from taking any other part or portion of the said estate." Cobb's Digest, 228.

Under this statute the right to a child's share in the estate depended entirely upon the election of the widow. In construing this statute this court, in *Beavors* v. *Winn,* 9 *Ga.* 189, held that where the widow died within one year after administration upon the estate of her husband, without having elected to take a child's

part of the real estate, her executor could not recover it after her death. The act of 1807 was amended by the act of December 9, 1841 (Ga. Laws 1841, p. 138), so as to require the widow to make her election within one year after the grant of letters testamentary or of administration; but still left of force the provision of the act of 1807 which debarred her from taking any other part or portion of the estate should she fail to make her election within twelve months after the grant of letters testamentary or of administration. Cobb's Digest, 230. The Code of 1861, which became effective on January 1, 1863, contained the provision of the present Code in reference to dower being barred by the election of the widow to take a child's part of the real estate in lieu of dower, and the further provision which gave to the wife a child's part in the estate of her husband. Code of 1861, §§ 1714(3), 2452(3); Civil Code (1910), §§ 3931, 5249(3). The provision of the act of 1807, as amended by the act of 1841, which debarred the widow from taking a child's part if she failed to elect to do so within one year from the grant of letters testamentary or of administration, was left out of the Code of 1861 and all subsequent Codes. An intestate died in August, 1862. His widow died in April, 1863. A child's part was given to the widow in the estate of her intestate husband by the trial court. This court reversed this judgment, and put its decision upon the ruling in *Beavors* v. *Winn,* supra. *Wilson* v. *Bell,* 45 *Ga.* 514. No notice was taken of the fact that the decision in *Beavors* v. *Winn* was based on the act of 1807, which apparently had been superseded by the Code of 1861. An inspection of the original record in that case, however, discloses that the partition of the lands of the intestate was alone involved; and a one-fifth share therein was set aside to the widow. In *Truett* v. *Funderburk,* 93 *Ga.* 686 (20 S. E. 260), this court held: "Inasmuch as the right to dower vests in the widow at her husband's death, if she dies before barring that right or divesting herself of it, she takes no interest in his lands which she can transmit to her heirs or devisees. She cannot have a vested right in a child's part so long as she has a legal right to dower." In the opinion the court said: "In case she dies during the year elapsing from the grant of letters testamentary or of administration on her husband's estate, without barring or divesting herself of the right to dower, it is certainly true that, up to the time of her death, this right existed. Until she

has herself defeated the same, she may be regarded as holding on to it; and so long as she does this, she certainly cannot have a vested right in a child's part in the realty which would, at her death, become a part of her estate and be transmitted to her heirs or devisees." This ruling was based upon *Beavors* v. *Winn*, and *Wilson* v. *Bell*, supra. The question whether the wife was entitled to a child's share in the personalty of her deceased husband was not directly passed upon in that case. The court seems to have confined its decision to her right to a share in the realty of the deceased husband.

In many cases this court has held that when a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the widow's right to take a child's part or to have dower assigned therein; and unless it appears affirmatively that within the time prescribed by law she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty. *Snipes* v. *Parker*, 98 *Ga.* 522 (25 S. E. 580) ; *Farmers Banking Co.* v. *Key*, 112 *Ga.* 301 (37 S. E. 447) ; *Jossey* v. *Brown*, 119 *Ga.* 758 (47 S. E. 350) ; *LaGrange Mills* v. *Kener*, 121 *Ga.* 429 (49 S. E. 300) ; *Rountree* v. *Gaulden*, 128 *Ga.* 737 (58 S. E. 346) ; *Hanvy* v. *Moore*, 140 *Ga.* 691 (79 S. E. 772) ; *Allen* v. *Gates*, 145 *Ga.* 652(3) (89 S. E. 821) ; *Heard* v. *Kenney*, 146 *Ga.* 719 (92 S. E. 211) ; *Lawrence* v. *Walters*, 151 *Ga.* 319, 322 (106 S. E. 721) ; *Harris* v. *McDonald*, 152 *Ga.* 18 (108 S. E. 448). In *LaGrange Mills* v. *Kener*, supra, it was held that the widow's election to take a child's share must be made within one year after administration is granted, and that the law makes no exception in favor of a widow who is insane or laboring under other disability. While the language used in some of the above-cited decisions, notably in *Farmers Banking Co.* v. *Key*, and *LaGrange Mills* v. *Kener*, is broad enough to debar the widow from asserting her right to a child's part in the personalty of her deceased husband, this question was not involved. This court was dealing with her right to a child's part in lands of her intestate husband. In *Odam* v. *Caruthers*, 6 *Ga.* 39, this court said: "Now, according to our statute, the wife occupies the same degree with the children. She is not entitled to any portion of the estate independent of the children, and before distribution to them, but is made to draw an equal share with them. She is a distributee with them, entitled to

an equal share of the personalty, if she takes her dower; and of the whole estate, if she elects to take a child's part of the realty." In *Cole* v. *Cole,* 135 *Ga.* 19 (68 S. E. 784), this question was involved, and this court decided that the wife, even though she elected to take dower, was not thereby prevented from claiming a child's part in the personalty of the estate. We think the last-cited case laid down the true principle of law applicable in this case. We think she is entitled, as an heir at law of the husband, to a child's share in his personalty, without election. We do not think that the doctrine promulgated by this court in reference to her right, as an heir at law, in the realty of her husband should be extended to his personalty. See Grice on Executors, Administrators and Guardians, 193.

         *Judgment affirmed. All the Justices concur.*