### HADDOCK *v.* CALLAHAN GROCERY COMPANY.

HILL, J.   1. The holder of a security deed, who brought ejectment against the widow of the grantor in such deed, was entitled to recover, under the facts of this case; and the court did not err in directing a verdict accordingly.   The widow's defense in resistance to the suit was based upon a claim of title under a year's support.   The report of the commissioners to set aside the year's support shows that there was set apart to her only an equity in the land, subject to the claim of the plaintiffs' security deed in question.   The verdict as directed by the court in no way conflicts with the widow's right under the judgment setting aside a year's support, because, after recovery by the plaintiffs in the case, the widow will be entitled to redeem by paying to the plaintiff the amount of the debt.

(*a*) Moreover, the widow, having accepted the year's support subject to the security deed, was estopped from contesting the validity of the deed and year's support.

(*b*) The court did not err in excluding the return of the appraisers setting aside the year's support, for any reason assigned.

2. "The contract of an insane person, or one non compos mentis, who has never been adjudicated to be insane or of unsound mind, as prescribed by the code, is not absolutely void, but only voidable."

3. The general rule is that only the personal representative of a deceased person, or his heirs at law, can bring suit in order to avoid a contract made by him while insane.   *McClure Investment Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204).   The widow of a deceased person is not, strictly speaking, an heir at law of her husband.   Civil Code (1910), § 3931 (3); *Truett* v. *Funderburk,* 93 *Ga.* 686 (2) (20 S. E. 260).   In

---

Executors and Administrators, 24 C. J. p. 247, n. 1; p. 270, n. 77 New. Heir, 29 C. J. p. 301, n. 52.

Insane Persons, 32 C. J. p. 730, n. 68, 69; p. 736, n. 2, 3.

the instant case neither the personal representatives nor the heirs at law are parties to the suit. Under the facts the widow of the decedent, not being the legal representative of the deceased, and not having elected to take a child's part in his estate, is not such a person as may avoid the contract of her deceased husband upon the ground of insanity. See *Farmers Banking Co.* v. *Key,* 112 *Ga.* 301 (37 S. E. 447); *Heard* v. *Kenney,* 146 *Ga.* 719 (92 S. E. 211).

4. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 5291. NOVEMBER 19, 1926.

Equitable petition. Before Judge Yeomans. Early superior court. January 30, 1926.

The Callahan Grocery Company brought suit against Mrs. Alberta Haddock for certain described land, and prayed that the defendant be enjoined from occupying the land either by herself or agents. The defendant in her answer denied the main allegations of the petition, and averred that she claimed the land sued for by virtue of a judgment of the court of ordinary of Early County, setting the land apart to her as a year's support for the benefit of herself and her minor children. The plaintiff asserted title to the land under a security deed from W. W. Haddock, the deceased husband of the defendant, who was dead at the time of the filing of the suit, the land having been sold under power of sale in the security deed, a deed executed by virtue of this power of sale to G. B. Toole, and a quitclaim deed from Toole to the Callahan Grocery Co. The defense relied on was that W. W. Haddock was mentally incapable to make the security deed to the plaintiff, and that the defendant was lawfully in possession of the land under a judgment of the court of ordinary setting it apart to her and her minor children as a year's support, subject to such rights, if any, as the plaintiff may have acquired under the security deed from W. W. Haddock, made shortly prior to his death. On the trial of the case, before offering the judgment of the court of ordinary setting aside the land in controversy as a year's support, the defendant offered evidence tending to show that W. W. Haddock was of unsound mind at the time he executed the security deed to the plaintiff. This testimony was admitted by the court on the statement of counsel for the defendant that its relevancy would be shown at a later stage of the trial. The defendant did not in her answer aver the mental incapacity of her husband to execute the security deed, but she introduced evidence,

which the court admitted over objection, tending to show that fact. The children of W. W. Haddock, deceased, are not parties to the present case. At the conclusion of the evidence the trial judge directed a verdict in favor of the plaintiff, on the theory that the year's support in the land in controversy had not been legally set aside to the defendant and her children. To this judgment the defendant excepted.

*W. L. Stone* and *C. L. Glessner,* for plaintiff in error.

*A. H. Gray,* contra.