20151.   KENNER *v.* KENNER *et al.*

MOBLEY Justice.   Queenie and Lois Kenner, the widow and a daughter respectively of Howell Kenner, deceased, brought this petition against Harris Kenner, seeking cancellation, on the ground of mental incapacity of the grantor, of a deed alleged to have been executed in 1946 by Howell Kenner to Harris Kenner.   The petition discloses that Howell Kenner died intestate, leaving children and descendants of deceased children surviving him who are not parties to the instant suit, and that there has been no administration on the estate. It is alleged that the plaintiffs have had the realty in question set aside to them as a year's support and that they are in possession of the land and are living thereon.   It is alleged further that the defendant has filed a dispossessory warrant against the plaintiffs, seeking to oust them from possession of the land, and said proceeding is now pending in Fulton Civil Court.   The prayers are for cancellation of the deed to

the defendant, that the dispossessory proceeding in Fulton Civil Court be enjoined, and that a court of equity take jurisdiction thereof and dispose of said case; and for a decree of title in favor of the plaintiffs. The defendant filed general and special demurrers to the petition. The trial court sustained one ground of special demurrer and overruled all other demurrers. To this judgment the defendant has excepted. *Held:*

1. "In so far as the petition sought cancellation of the deed it was subject to demurrer. The grantor having died intestate, there being no administration on his estate, and the petitioner not being the sole heir at law, a petition for cancellation could not be maintained, as in such cases both the grantor and the grantee are necessary parties. *Reeves* v. *Tarnok,* 161 *Ga.* 838(3) (131 S. E. 891), and citations." *Hazelrigs* v. *Butler,* 204 *Ga.* 98(1) (48 S. E. 2d 727). The instant petition is brought by only one child and the widow of the deceased grantor, Howell Kenner. The widow is not, strictly speaking, an heir at law of her deceased husband, since upon the death of a husband intestate, leaving children and descendants of deceased children, title to realty owned by the husband vests in such children. *Snipes* v. *Parker,* 98 *Ga.* 522, 524(2) (25 S. E. 580); *Farmers Banking Co.* v. *Key,* 112 *Ga.* 301(1) (37 S. E. 447); *Haddock* v. *Callahan Grocery Co.,* 163 *Ga.* 204(3) (135 S. E. 747); *Harris* v. *McDonald,* 152 *Ga.* 18 (108 S. E. 448); Code (Ann.) § 113-901. Since there are other children and descendants of deceased children of Howell Kenner who are not parties to the instant petition, the action can not proceed on behalf of the widow and one minor child, who alone are named as plaintiffs in the petition.

2. The fact that the land in question has been set apart to the plaintiffs as a year's support would not entitle them to cancel the deed of Howell Kenner conveying said land to the defendant. "Where the title to property was not vested in a decedent at the time of his death, it can not be set apart as a year's support for his widow and minor children, so as to vest title in them. *Burckhalter* v. *Planters Loan & Savings Bank,* 100 *Ga.* 428 (28 S. E. 236); *Smith* v. *Smith,* 101 Ga. 296 (28 S. E. 665); *Zeagler* v. *Zeagler,* 190 *Ga.* 220, 225 (9 S. E. 2d 263); *Scruggs* v. *Morel,* 22 *Ga. App.* 93 (95 S. E. 316)." *Harris* v. *Mandeville,* 195 *Ga.* 251(6) (24 S. E. 2d 23). The record shows that the defendant has a deed executed

by the deceased, and the deed appears to be valid and regular on its face. Even assuming the allegations of the petition as to the grantor's mental incompetence to be true, a deed of an insane person who has not been adjudged insane as prescribed by law is not absolutely void but merely voidable. *McClure Realty & Investment Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204), and citations. Unless the defendant's deed had been set aside in a court of competent jurisdiction, it would be valid and subsisting as a conveyance of title, and the judgment of the ordinary granting the plaintiffs a year's support in the property conveyed by the deed would be a nullity.

3. While the question as to the failure to join all the heirs in this case was not raised by special demurrer, "Where . . . the trial court sustains a general demurrer to the petition for any reason, and it appears that there is the want of an essential party, such as the grantor or the grantee of a deed sought to be canceled, this court will not do a vain thing and reverse the judgment, on the theory that the failure to name an indispensable party can be reached only by special demurrer, since in such a case no valid judgment granting the relief of cancellation could possibly be rendered." *Sowell* v. *Sowell,* 212 *Ga.* 351, 356 (92 S. E. 2d 524). Likewise, since all the heirs of a grantor must be parties to a petition to cancel his deed, where, as here, a general demurrer to a petition for cancellation, brought by only one of the heirs and the widow of the deceased grantor, is overruled, such judgment will not be affirmed on the theory that failure to join an indispensable party can be reached only by special demurrer, since in such a case no valid judgment granting the relief of cancellation could possibly be rendered.

4. Since the petition is being dismissed on general demurrer, the ruling on special demurrers is not passed upon. *Linder* v. *Whitehead,* 116 *Ga.* 206 (2) (42 S. E. 358).

*Judgment reversed. All the Justices concur.*

ARGUED JULY 15 AND JULY 16, 1958—DECIDED SEPTEMBER 5, 1958.

*S. T. Allen,* for plaintiff in error.

*Vester M. Ownby, John L. Lee,* contra.