22443. ELLER v. WAGES, Administrator, et al.

Argued April 14, 1964—Decided May 7, 1964—Rehearing denied May 19, 1964.

*Weldon Shows, Roland Neeson, Elijah A. Brown,* for plaintiff in error.

*D. B. Phillips, Homer M. Stark, Hope D. Stark,* contra.

Almand, Justice. Henry F. Wages, administrator de bonis non with the will annexed of T. Ashworth, brought his petition to construe the will of the testator which was probated in 1919. The petitioner sought the construction of Item 2 of the will which reads as follows: *"I will to my beloved wife, Ida,* the place where we now live with all the personal property to have and *to use as she may see proper as long as she remains my widow.* If she should marry again I will that all my property, both real and personal, shall be sold and equally divided and that my wife shall have a child's part, and that *Albert Wesley Holtzclaw shall also have an equal share with all the heirs* which he is entitled to as his mother, my wife Ida, furnished part of the money to purchase this home place and Albert Wesley has worked the same as our other children." (Emphasis supplied).

It was alleged that the widow, Ida Ashworth, died without remarrying. Petitioner contended that under a proper construction of Item 2 Ida Ashworth had only a life interest and on her death the real estate described in this Item passed to the heirs of T. Ashworth since the will made no disposition of the fee and did not contain a residuary clause.

To this petition Mrs. J. B. Eller, a daughter of the testator, filed demurrers and an answer in which it was asserted that, under a proper construction of Item 2 of the will, Ida Ashworth took a fee simple title to the home place on the death of the testator and that on his death she took possession and remained in possession until May 25, 1955, when she conveyed the property to Mrs. Eller by warranty deed.

Mrs. Albert W. Holtzclaw in her answer alleged that she was the widow of Albert W. Holtzclaw, the son of Ida Ashworth, named as a devisee in the will of the testator, and that after her husband's death the share he was entitled to under the will was

set aside to her as a year's support. She prayed that the will be construed as contended by the petitioner and the deed from Ida Ashworth to Mrs. Eller be canceled.

After a hearing the court entered the following decree: "1. Under Item 2 of the will of T. Ashworth, his widow, Mrs. Ida Ashworth, was bequeathed a life estate in the lands involved, subject to be divested upon her remarriage and in such event the land to be sold and divided as provided in said item. 2. Mrs. Ida Ashworth having died without having remarried and the will of T. Ashworth making no provision for such contingency, there is a partial intestacy as to the reversionary interest in said land, which vested immediately upon the death of T. Ashworth in those who were then his heirs at law, and legatees under his will, with right of possession postponed until the death of the life tenant, Mrs. Ida Ashworth. 3. It was the intention of the testator, T. Ashworth, that his stepson, Albert Holtzclaw, receive a share in his estate as if he had been a child and heir of said deceased. 4. The widow of the deceased, Ida Ashworth, did not take a child's part or one-fifth in her husband's estate, she having made no election so to do, and the defendant, Mrs. J. B. (Bertha Vivian) Eller, therefore acquired no interest in the land herein involved beyond the life estate of her mother, and now has no interest in said lands under the deed from Mrs. Ida Ashworth of May 25, 1955. 5. Petitioner, Henry F. Wages, as administrator D.B.N.C.T.A. of T. Ashworth, deceased, is directed to administer said estate and make division thereof under said will as herein construed."

1. We are of the opinion that the court properly construed Item 2 of the will to be that his widow received a life estate subject to being divested upon her remarriage and having died without remarrying and the will making no provisions for such event, the reversionary interest in the land, on the death of the testator, vested in the heirs at law with the right of possession postponed until the death of the life tenant. "Estates which may extend during life, but must terminate at death, so long as they exist are deemed life estates; such are estates during widowhood." *Code* § 85-603; *Snider v. Newsom*, 24 Ga. 139; *Doyal v. Smith*, 28 Ga. 262; *Cochran v. Groover*, 156 Ga. 323 (118 SE

865) ; *Haralson v. Redd,* 15 Ga. 148; *Oliver v. Powell,* 114 Ga. 592 (40 SE 826).

2. The answer to the contention of the defendant, Mrs. J. B. Eller, that Ida Ashworth took a child's part in the testator's estate is that there is no evidence that she ever made any such election but that in her lifetime she took the position that under the will she had a fee simple title to the property. In her warranty deed conveying the property to Mrs. Eller she stated: "This deed given by virtue of the power or authority contained in the will of Tom Ashworth, Deceased as recorded in Book F page 44, Gwinnett County Court of Ordinary records. Said property being willed to grantor herein upon the condition of grantor remaining his widow. Grantor avers under oath that she has remained unmarried since the death of the said Tom Ashworth and will forever remain his widow. . . To have and to hold the said bargained premises, together with all and singular the rights, members, and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit, and behoof of Bertha Ashworth Eller the said party of the second part, her heirs and assigns, forever, in fee simple." Where the widow makes no election to take a child's part, there is no presumption that she has a vested estate. *Snipes v. Parker,* 98 Ga. 522 (2) (25 SE 580) ; *Heard v. Kenney,* 146 Ga. 719 (92 SE 211) ; see *Lawrence v. Walters,* 151 Ga. 319 (3) (106 SE 721). The court properly held that Ida Ashworth, the widow, did not take a child's part in her husband's estate and that the defendant, Mrs. Eller, acquired in the deed from the mother only the mother's life estate interest.

3. It is plainly evident from both items of the will that it was the intent of the testator, on distribution of his estate, that Albert W. Holtzclaw, the son of Ida Ashworth, was to be treated as one of his heirs as if he were his own child.

4. The court did not err in overruling the demurrers or in entering the final decree.

*Judgment affirmed. All the Justices concur.*