## DOYAL et al. vs. DOYAL et al.

The husband died in 1849. His widow made application for Dower in land, of which he died seized in 1859. *Held*, that her right was barred by the Statute of Limitations.

Application for Dower, in Henry Superior Court. Tried before Judge CABANISS, at the April Term, 1860.

This case came up and was adjudicated on the following statement of facts, to wit:

Elijah S. Boynton died in the year 1849, and John A. Smith was qualified as the executor of his will in the same year. In his will, Elijah S. Boynton bequeathed to his wife, during her life or widowhood, for the support of herself and four younger children, one hundred and seventy-six acres of land in the seventh district of the county of Henry, and known as the place whereon the said testator died. In May, 1855, the said widow of the testator intermarried with D. D. Doyal, and immediately thereafter, John A. Smith, executor, filed a bill in equity for instruction and direction as to the testator's will, and the Hon. E. G. Cabaniss, the Judge presiding then and now, decided that the said Elijah Boynton died intestate as to said land, which decision was affirmed by the Supreme Court, and at the April Term, 1860, of Henry Superior Court, a decree was rendered affirming the said decision, or making it the judgment of said Superior Court. At the October Term, 1859, of the said Superior Court of Henry county, the said D. D. Doyal and wife applied for

---

**BAR OF DOWER RIGHT.** "In 1839 an Act was passed which declared that **an application for dower must be made within seven years after the death of the husband,** or that otherwise the right to dower shall be absolutely barred. Acts, 1839, p. 145, Cobb's Dig. 230. See also Doyal *v.* Doyal, 31 Ga. 193; Smith *v.* King, 50 Ga. 192. There was nothing in this Act making an exception in case of a widow who was insane or laboring under any other disability." LaGrange Mills *v.* Kener, 121 Ga. 431.

dower in said land, and at the April Term, 1860, under the facts aforesaid, the presiding Judge decided that the said application for dower was barred by the statute of limitations.

To this decision, the applicants excepted and now assign error thereon.

DOYAL, for the plaintiffs in error.

BOYNTON, for the defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The testator having died in 1849, and the application for dower not made until 1859, her right to dower in the land of her husband, the deceased testator, was clearly barred by the statute of limitations. The statute is imperative— "That in all cases hereafter, when any husband shall die, application for the assignment of dower shall be made by his widow within seven years after his death, otherwise her right to dower shall be absolutely barred." *Cobb, 230.*

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.