## LAGRANGE MILLS *v.* KENER, by next friend.

1. A widow who is insane at the date of her husband's death is not barred of her right to apply for dower until seven years after the removal of her disability.

2. A widow's right to dower in the lands of which her husband died seized and possessed is a vested right, which accrues to her upon the death of her husband, and requires no act on her part to make the same complete. The right of a widow to take a child's share in her husband's estate depends upon her election so to do, within one year after administration is granted, and the law makes no exception in favor of a widow who is insane or laboring under other disability.

3. A suit by a next friend for a lunatic, who has been adjudged insane, which fails to allege that the lunatic has no guardian, or any sufficient reason why she does not appear by her guardian if she has one, is maintainable, unless the failure to make allegations of this character is made ground of objection in a special demurrer, or by plea in abatement.

4. The petition set forth a cause of action, and was not subject to any of the objections raised in the demurrers.

Argued November 19,—Decided December 10, 1904.

Application for dower.　Before Judge Freeman.　Troup superior court.　January 27, 1904.

On October 28, 1901, Thomas M. Kener, as next friend for Mary J. Kener, filed an equitable petition in her name against the LaGrange Mills, a corporation, in which it was alleged that she is now insane and was insane at the date of the death of her husband, Godfred Kener, which took place in June, 1879; that her husband died seized and possessed, in his own right, of a described parcel of land; that the defendant has been in possession of this land for a term of fifteen years, receiving the rents and profits thereof; that Peavy, who was administrator of her husband's estate, has been discharged, and there is now no legal representative on the estate; that the lands described in the petition were never administered by the legal representative; that dower has never been assigned to her; that she has been for years an inmate

of the Georgia State Sanitarium; that she is entitled to rents of the property in possession of the defendant from her husband's death until her dower is assigned; that she claims dower in the land; that the statutory remedy for the assignment of dower is inadequate, and it is necessary to invoke the aid of a court of equity; and she prays that her right to dower be established; that commissioners be appointed to set the same apart; that if it can not be set apart in the land, the land be sold, and dower be assigned to her out of the proceeds of the sale; and that an accounting be had for the value of the rents, issues, and profits of the land.    By amendment, the allegation that the administrator had been discharged was stricken, and it was alleged that Peavy was still in office as administrator; and by proper order he was made a party to the suit.    It was also alleged by amendment, that after the death of plaintiff's husband an execution against him was levied upon the land, and the same was sold at sheriff's sale in 1879, and that the defendant claims under the purchaser at such sale.    The LaGrange Mills filed a demurrer on the grounds, that the petition set forth no grounds for the relief prayed for; that it was multifarious, containing a misjoinder of parties and also a nonjoinder of necessary parties, to wit, the purchaser at the sheriff's sale, the children of Godfred Kener, and the trustees of the Georgia State Sanitarium; that, no application for dower having been filed within seven years from the death of the intestate, the widow is now barred from claiming dower; that a next friend or prochein ami, has no right to apply for dower for one under disability, without authority from some court, or to elect for her between dower and a child's share; that, under the facts alleged, equity should interpose an equitable bar to the proceeding, even if there is no bar under the ordinary statute of limitations; that the widow having been, before the death of her husband and ever since, in the State Sanitarium at the expense of the State as its ward, suits in her behalf should be brought by the trustees of the sanitarium; and that the petition is defective, in that it does not make the persons through whom the LaGrange Mills derives title parties.    The court struck all allegations of the petition which sought to charge the LaGrange Mills with rents prior to the time when it went into possession, and then overruled the demurrer. The LaGrange Mills excepted.

*Longley & Longley,* for plaintiff in error.

*W. H. Terrell, F. E. Callaway,* and *Harwell & Lovejoy,* contra.

COBB, J.    1. The right of a widow to dower is derived from
the common law, but the rule of the common law in reference to
the property in which this right may be asserted has undergone
material modifications by statute in this State.    The widow is
no longer entitled to dower in all the lands which the husband
held during coverture, but only in lands of which he died seized
and possessed and such as came to him by virtue of his marital
rights and which may have been aliened by him.    During the
lifetime of the husband the widow has an inchoate right of dower
in lands of the latter character, but she has no right in his life-
time, inchoate or otherwise, in other lands owned by him.    Upon
the death of the husband, the inchoate right of dower in lands
which came to him through her becomes consummate, and the
right to dower in other lands of which he died seized and pos-
sessed becomes completely vested.    The widow has a right to com-
pel an assignment of dower, in the manner authorized by law,
in lands of either character, unless her right to dower has become
barred for some reason which the law recognizes as sufficient to
accomplish that result.    It seems that at common law lapse of
time alone would not be sufficient to bar the widow's right of
dower; but there are cases in which it has been held that the
failure for a long period of time to apply for dower, and the exist-
ence of facts which would make it inequitable on the part of the
widow to assert this right would be a sufficient reason for a court
of equity to refuse to take jurisdiction for the purpose of assign-
ing dower.    In *Tooke* v. *Hardeman,* 7 *Ga.* 29, it was held that
while an application for dower might be a suit, it was not a suit
to recover possession of land, within the meaning of the act of
1767, which required all such suits to be brought within seven
years.    See also *Wakeman* v. *Roache,* Dud. 123.    In 1839 an
act was passed which declared that an application for dower must
be made within seven years after the death of the husband,
or that otherwise the right to dower shall be absolutely barred.
Acts 1839, p. 145, Cobb's Dig. 230.    See also *Doyal* v. *Doyal,*
31 *Ga.* 193 ; *Smith* v. *King,* 50 *Ga.* 192.    There was nothing in
this act making an exception in case of a widow who was insane
or laboring under any other disability.    In 1856 the General

Assembly passed a general law on the subject of the time in which suits should be brought and indictments preferred. Acts 1855–6, p. 233. It was the evident intention of Judge Cone, who was the framer of this act, to bring together in one act all of the existing rules on the subject of limitation of actions, and to provide rules where there were none on the subject and make them all a part of one complete and comprehensive scheme. Section 13 of this act provides, "That when any widow shall be entitled to dower, application for the assignment of such dower shall be made by said widow within seven years from the time such right to dower accrued, and not after." Section 19 provides, " That when any of the persons entitled to sue as aforesaid shall be married women, idiots, or lunatics, or imprisoned, or under the age of twenty-one years, at the time the cause of action accrues, such persons shall be entitled to sue within the time aforesaid, after their respective disabilities are removed." There can be no question that under this act the right to apply for dower, which became vested in a widow who was insane at the date of the death of her husband, would not become barred until the lapse of seven years from the time she was restored to sanity. If no change has been made in the law, either by subsequent acts or by the adoption of the different codes, this is still the law. Our attention has not been called to any statute dealing with this subject since the act of 1856 was passed. That act does not appear in the code in its entirety in any one place. Some of the different provisions appear in the chapter on title by prescription. See §§ 3593, 3595. Other provisions, and the larger number, appear in the article on limitation of actions on contracts. See §§ 3760 et seq. Section 19 of the act of 1856 appears in this article. Other provisions appear in sections 3898–3900. That section of the act which relates to the time in which dower shall be applied for is found in paragraph 4 of section 4689, which by a marginal note of the codifiers is shown to have been derived from the acts of 1839 and 1856. The mere fact that the provision of the act of 1856 in reference to the time in which an application for dower shall be made has become severed from the remaining portions of the act, and placed in a different article in the code, and one which is more appropriate for its appearance, that is, the article relating to dower, would not be sufficient

reason, in our opinion, to authorize the inference that the General Assembly intended, by the adoption of the code, to repeal the exception in favor of persons under disability which was given to such persons under the act of 1856.

2. It is contended that upon the death of the husband the widow is entitled to elect whether she shall take a child's part of the estate as heir, or take her dower; and that as this is a right personal to the widow, no person can make this election for her; and that therefore until she is in a position to make this election for herself, there can be no application for dower.　　See, in this connection, 1 Scribner on Dower (2d ed.), 461; Ashby v. Palmer, 1 Mer. Ch. 296; *Worthy* v. *Worthy*, 36 *Ga.* 45. But the right to dower does not depend upon an election.　The right to a child's share in lieu of dower does depend upon an election, and an election which must be exercised by the widow within one year from the date of administration on her husband's estate.　　Civil Code, § 4689 (3); *Beavors* v. *Winn*, 9 *Ga.* 189, and Van Epps' Annotations; *Farmers Banking Co.* v. *Key*, 112 *Ga.* 301.　　The right to dower is a vested right, accruing upon the death of the husband, and it takes no act on the part of the widow to complete this right.　See *Truett* v. *Funderburk*, 93 *Ga.* 686; *Snipes* v. *Parker*, 98 *Ga.* 524; *Johnson* v. *Gordon*, 102 *Ga.* 354; *Starr* v. *Newman*, 107 *Ga.* 395.　　The right to dower continues vested in the widow until she has done some act which the law would construe as sufficient to divest her of the same.　Her right to claim a child's part in the estate is dependent upon her action, and her right to dower is not destroyed until she has made her election to take a child's part, unless barred for some other reason.　　The law fixing one year from the date of the granting of administration upon the husband's estate as the time within which an election must be made, in order to entitle the widow to take a child's part, makes no exception in favor of widows who are under disability, and there are many reasons why no such exception should be made. The disability may be of a character which may not for a long time be relieved; and hence heirs and others interested in the estate would be confused as to their rights as long as the widow survived.　After the lapse of one year from the date of the granting of administration, the right to elect to take a child's part is gone, and the right to apply for dower remains complete.　Hence, in a

case like the present, where the widow has been insane since the death of her husband, and more than a year has elapsed since the date of administration on the husband's estate, the right to elect to take a child's part is gone, and the right to apply for dower is not barred.

3. There is no distinct averment in the petition that the widow had been adjudged insane, but this may be inferred from the allegation that she has been confined for years in the State Sanitarium. There is no allegation that she has no guardian, or, if so, that there is a valid reason why the suit was not brought by him; but the demurrer does not raise this objection. The only question raised as to parties plaintiff by the demurrer is that the suit should have been brought by the trustees of the State Sanitarium. We know of no law requiring or authorizing the trustees of this institution to bring suits in behalf of persons confined therein. The law authorizes them to bring suits for claims the institution has. Political Code, §§ 1411 (7), 1441. When a person has been adjudged insane and a guardian appointed, it would seem that suits in behalf of the lunatic should be instituted by the guardian, or that it should appear that some good reason exists why this could not be done. See *Reese* v. *Reese*, 89 *Ga.* 645; *Dent* v. *Merriam*, 113 *Ga.* 83. Persons under disability may always apply with confidence to a court of equity for relief in any case where the law affords no remedy, or the remedy afforded is inadequate, or the disability under which the person labors is such that relief can not be had at law. The statute in this State provides the method for assigning dower. It makes no provision for an application by a widow who is laboring under disability, and this alone might be a sufficient reason for resorting to equity; but when the relief sought is not only the assignment of dower, but also an accounting for rents, a court of equity is the only court that can give complete relief in one suit. The allegations of the petition were sufficient to make a case authorizing the interposition of a court of equity, and the petition as brought was not defective as to parties for any reason set forth in the demurrer. See *Bishop* v. *Woodward*, 103 *Ga.* 287; *Starr* v. *Newman*, 107 *Ga.* 395.

4. The sheriff's sale after the death of the husband, under an execution issued upon a judgment rendered against him in his

lifetime, did not divest the widow's right to dower. The purchaser and those claiming under him took subject to this right. The code provides how dower may be barred, and such a sale is not there declared to be a bar to dower. Civil Code, § 4689. The general rule is that the widow is entitled to rents upon the dower land as finally assigned from the date of her husband's death to the date of the assignment of dower. See *Austell* v. *Swann*, 74 *Ga.* 278. In this case the judge has ruled that the widow is not entitled to rents as against the LaGrange Mills, except from the date that it went into possession. This ruling is unexcepted to, and is therefore the law of this case. The amount of rents claimed in the petition indicates that the plaintiff contends that the LaGrange Mills is liable for rents on the property in its improved condition. The question whether this claim is sustainable is not raised in any way in the demurrer, and no authoritative ruling can be made thereon; but nothing said or involved in this case will prevent the defendant from attacking this claim in subsequent proceedings which may be taken. There are respectable authorities, both in England and in this country, to the effect that the widow is not dowable of improvements made by an alienee, and therefore the rents to which she is entitled would be based on the value of the land or the property at the time the husband was last seized; and that the widow is not entitled to the benefit of improvements made either by the heir or the alienee. See Scribner on Dower, 604 et seq., 612 et seq. When the land of the husband has, after his death, passed into the hands of an alienee, who has placed valuable improvements thereon, increasing the value of the property, it would seem that in equity a widow would not be entitled to claim as dower anything more than one third of the value of the land as it existed at the date of the husband's death, and rents which would accrue from land of such value. Especially would this seem to be true where the application for dower was delayed. This rule appears to arise naturally from the principle that the widow is dowable only in the property of the husband; she is not entitled to dower in the property of any other person. See, in this connection, *Iverson* v. *Saulsbury*, 65 *Ga.* 724; 10 A. & E. Enc. Law (2d ed.), 187 et seq.; Park on Dower, 256 et seq.

There is nothing in the petition which would authorize the

court to interpose an equitable bar to the application for dower. The petition set forth a cause of action, and there was no error in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*