FOSTER, administrator, *et al. v.* ALLEN.

350

No. 15585.   October 9, 1946.

*Louis H. Foster* and *A. B. Conger,* for plaintiffs in error.

*S. P. Cain,* contra.

JENKINS, Presiding Justice. In accordance with the rules of law set forth in the syllabus, the petition was not subject to demurrer, on the ground that the parties to the contract are in pari delicto, or on the ground of estoppel by judgment, where that part of the judgment in the previous probate proceedings setting up the contract had been sought by motion to be stricken, and had been in

fact properly stricken at the time the demurrer was overruled. The main issue in the present equitable petition being whether or not the contract was contrary to public policy, it was not error for the court, upon proof of the material allegations in the petition, to direct a verdict for the plaintiff guardian, annulling the agreement referred to, and to refuse to permit the defendant administrator to introduce evidence in support of such agreement, which evidence was intended to show that the widow was sane at the time the contract was entered upon, or that the contract was supported by a good and valuable consideration as a family agreement.

But it is further contended that, under the rule announced by this court in *LaGrange Mills* v. *Kener,* 121 *Ga.* 429, 433 (2) (49 S. E. 300), the guardian of the insane widow could not elect for her to take a child's share of the undevised realty in lieu of dower, and that therefore the verdict and judgment including the same, as entered for her in accordance with the prayers of her guardian's petition, was unauthorized. The *LaGrange Mills* case, just referred to, stated the *contention* of one of the parties therein, and seems to have dealt with the case on the *assumption* that such an election by the widow must be a personal one, citing *Worthy* v. *Worthy,* 36 *Ga.* 45 (91 Am. D. 758), to the effect that a suit for a divorce is strictly personal, and can not be maintained by one bringing the action as next friend. The *LaGrange Mills* case also cites as authority *Beavors* v. *Winn,* 9 *Ga.* 189, and see also *Wilson* v. *Bell,* 45 *Ga.* 514, to show that an election to take a child's part of the estate instead of dower can not be made by the executor of the widow. However the *ruling* made in the *LaGrange Mills* case was solely to the effect that *no election* was required by the widow to claim *dower,* as was there sought, and that consequently the doctrine of election by the widow to claim a child's share in lieu of dower had no application. Therefore it appears that no actual *ruling* by this court has been made upon the question as to whether or not the rights of an insane widow can be protected by permitting her guardian to elect to take for her a child's share in lieu of dower. The cases which preclude any such right of election by the executor or administrator of a widow who had become deceased are manifestly not in point. In such a case the estate of the widow had vested under her will, or in favor of her heirs at law, according to the status as it existed at the time of

her death. The normal right of the widow is for dower; it takes affirmative action on her part to claim in lieu thereof a child's share. Nor do we think that the ruling that a divorce suit can not be maintained in behalf of an insane person by her next friend has any bearing upon the point here in issue. Frequently, as in the instant case, the widow has a vital interest in renouncing her right to dower, and claiming in lieu thereof a child's share of the estate. If such an election be not made within twelve months the right to so elect, as was said in the *LaGrange Mills* case, is gone. One appointed guardian of the property of an insane person is required to give bond. His function is to stand in the shoes of the insane ward and protect her interest, which she, as an incompetent, is unable to do for herself. But the office being fiduciary in character, the guardian is hedged about in the *exercise* of his discretion, and except in the instances specified by statute, is required to obtain the approval in advance of the court to which he is amenable before exercising his own discretion in decisions which affect the interest of his ward. While, as was said in the *LaGrange Mills* case, we can see no reason why the limitation as to the time for an election such as is here involved should not be made within the statutory period, we can likewise see no reason, why the interest of an insane widow, who is unable to elect for herself, should be sacrificed by holding that her guardian, appointed to protect and defend her interest and acting under the supervision and approval of the superior court, should be held helpless and powerless to function in her behalf, when and if he seeks and receives the sanction and approval of the court whose duty it is to safeguard her from imprudent acts of her guardian. This seems to be the settled trend of general authority. See 9 R. C. L. 604; 17 Am. Jur. 760. In the instant case the guardian is seeking the approval of the chancery court. His original petition in equity sought a decree to a child's share in the realty. Although the defendants resist her right to recover anything except under the agreement which she had signed, it does not appear that at any stage of the trial they have questioned the election made, except for the one reason indicated. *Judgment affirmed. All the Justices concur.*