53638. ADAMS et al. v. THE UPJOHN COMPANY.

BELL, Chief Judge.
This case is a suit for personal injury which allegedly occurred in Richmond County. The complaint was served on "Rueben E. Craddock, Agent." Defendant corporation answered and denied that Craddock was its agent; denied that it was subject to suit in Richmond County; and then moved under CPA § 12 (b) (Code Ann. § 81A-112 (b)) to dismiss on the grounds of insufficiency of service of process; no jurisdiction over defendant's person, and improper venue. Answers to interrogatories and affidavits were submitted. The court conducted a preliminary hearing under CPA § 12 (d) (Code Ann. §

81A-112 (d)) and granted the motion. *Held:*

a. The issue of venue at the time the complaint was filed and served was controlled by Code § 22-404 (d) (Ga. L. 1968, pp. 565, 584; 1975, pp. 583, 587), which permitted a suit for a tort "in the county where the cause of action originated, if the corporation transacts business in that county." Defendant corporation has admitted that it transacted business in Richmond County by the sale of pharmaceutical supplies in that county. Therefore, defendant was subject to being sued there.

b. The question of the sufficiency of the service remains. CPA § 4 (d)(1) (Code Ann. § 81A-104 (d)) provides that service on a domesticated corporation, may be made on "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent." The question posed was whether Mr. Craddock was an agent for defendant when service was made on him. In his affidavit Mr. Craddock described himself as a "hospital sales representative" of defendant and that his duties and responsibilities in the Augusta area were limited to "disseminating product information to physicians, pharmacies, and allied health personnel within his assigned territory and taking orders for Upjohn products in hospitals and orders submitted by him to the defendant are filled, shipped and billed by defendant." He further averred that he had no responsibility or authority to create contractual obligations between the defendant and any of its customers. In answers to interrogatories, the defendant stated that Mr. Craddock was employed by them as a hospital "salesman" and that he received orders from hospital personnel for defendant's products; and that although Mr. Craddock had authority to request and receive orders from various customers in Richmond County on behalf of defendant, he "did not have authority to accept orders" but that at no time had the defendant failed to fill any order submitted by Mr. Craddock. It has been stated that an agent is one vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual relationship with him and that generally an agency relates to business transactions. *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 639 (182 SE2d 153).

The evidence authorizes a finding that he was acting in a sales representative capacity on behalf of the defendant Upjohn, bringing third parties into contractual relations with Upjohn. He was more than just a mere employee. Accordingly, service on him was sufficient. The trial court erred in dismissing the complaint.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED MARCH 1, 1977 — DECIDED APRIL 14, 1977 — REHEARING DENIED MAY 10, 1977 — ▮

*Pierce & House, Hinton R. Pierce,* for appellants.
*Powell, Goldstein, Frazer & Murphy, Daryll Love, Alex Rue,* for appellee.