## 56907. C. W. MATTHEWS CONTRACTING COMPANY, INC. v. CAPITAL FORD TRUCK SALES, INC.

BANKE, Judge.

The plaintiff, a construction firm, sued for damages allegedly caused by the use of a defective antifreeze purchased from the defendant. The complaint sounded both in contract and in tort. The appeal is from a grant of summary judgment to the defendant on the basis of improper venue.

The suit was filed in the Superior Court of Cobb County, the county where the cause of action allegedly arose. The defendant is a Delaware corporation with its registered agent and principal place of business in Georgia located in Fulton County. It does not have an office or place of business in Cobb County; however, the complaint alleges that it transacts business there on a regular basis, and there is nothing in the record which can be held to pierce this allegation. The issue with which we are faced in this appeal is whether such activity was sufficient to place venue of the action in Cobb County under the statutory law in effect at the time the suit was filed, i.e., Ga. L. 1975, pp. 583, 587 (Code Ann. § 22-404 (d)). *Held:*

Prior to 1975, venue in actions against domestic corporations was controlled by Code Ann. § 22-5301 (Ga. L. 1968, pp. 565, 820). This statute and its predecessor, Ga. L. 1884-5, p. 99, provided as follows: "Any corporation chartered by authority of this state may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by

leaving a copy of the writ with the agent of the defendant, or if there be no agent in the county, then at the agency or place of business." Because of the service of process provision, this statute was held to require that, even in tort suits, a corporation have either an agent or a place of business in the county in which suit was filed. See, e. g., *Tuggle v. Enterprise Lumber Co.,* 123 Ga. 480 (51 SE 433) (1905); *Swift & Co. v. Lawson,* 95 Ga. App. 35 (1a) (97 SE2d 168) (1957); *Mavity v. First of Ga. Ins. Co.,* 115 Ga. App. 763 (156 SE2d 191) (1967). By its terms, Code Ann. § 22-5301 applied only to domestic corporations, leaving some confusion over the rule applicable to foreign corporations. The case of *Orkin Ext. Co. v. Gilland,* 130 Ga. App. 788 (204 SE2d 469) (1974) sought to eliminate this confusion by holding that the statute applied to foreign as well as to domestic corporations.

Section 22-5301 was repealed by Ga. L. 1975, pp. 583, 606; and, in its place, Ga. L. 1975, pp. 583, 587 was substituted. That statute amended Code Ann. § 22-404(c) and (d) to provide as follows:

"(c) For the purpose of determining venue, each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside and may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business in that county. The residence established by this subsection shall be in addition to, and not in limitation of, any other residences that any domestic or foreign corporation may have by reason of other laws.

"(d) For the purpose of determining venue, each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside and may be sued for damages because of torts, wrong or injury done, in the county where the cause of action originated, *if the corporation transacts business in that county.* The residence established by this subsection shall be in addition to, and not in limitation of, any other residences that any domestic or foreign corporation may have by reason of other laws." (Emphasis supplied.)

It is readily apparent that the language of this

statute tracks the language of former Code Ann. § 22-5301, except that for tort actions there is the added requirement that the corporation transact business in the county where the cause of action originated. The plaintiff urges this court to rule that this added requirement had the effect of greatly liberalizing the old law, so as to do away with the requirement, established by judicial construction, that the corporation have an agent or a place of business in the county where the tort action is brought. However, we find no indication that such a radical change was intended by the legislature.

"From the addition of words it may be presumed that the legislature intended some change in the existing law; but it is also presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication. 82 CJS 845, Statutes, § 316." *Undercofler v. Colonial Pipeline Co.,* 114 Ga. App. 739, 743 (152 SE2d 768) (1966). Whatever doubt may exist concerning the intention of the legislature in passing the 1975 statute is dispelled by an examination of the preamble of the Act. See *Moore v. Robinson,* 206 Ga. 27, 40 (55 SE2d 711) (1949). The preamble states that the purpose of the statute is "to change the venue requirements for bringing suits against *foreign* corporations. . ." (Emphasis supplied.) Thus, we conclude that the purpose of the statute was to unify the venue requirements for suits against foreign and domestic corporations rather than dramatically to alter those requirements in the manner suggested by the plaintiff. Support for this conclusion is provided by the "Note to 1975 Amendment" which follows Code Ann. § 22-404 (1977 Ed., p. 78). The note was prepared by John D. Hopkins, Chairman of the Corporate Code Revision Committee of the Section of Corporate and Banking Law of the State Bar of Georgia.

The plaintiff cites the case of *Adams v. Upjohn Co.,* 142 Ga. App. 264 (a) (235 SE2d 584) (1977) as authority for a contrary result. That case appeared to hold that the 1975[1] statute permitted a tort action against a corporation to be brought in the county where the cause of

---

[1]The version of the *Adams* opinion reported at 142

action arose, where the corporation merely transacted business in that county by selling its products there. However, the record in that case reveals that the company had a sales representative residing in the county who was subject to service of process there. This fact places the holding in the case squarely in line with prior authority holding that "having an agent within a county of such a kind as could be served is alone sufficient to give jurisdiction of the nonresident corporation if service on the agent is had." *Swift & Co. v. Lawson,* supra, at p. 43. (Emphasis supplied.)

In 1976, Code Ann. § 22-404 (d) was again amended to add the requirement that the defendant corporation have an office in the county where the tort action is filed. Ga. L. 1976, pp. 1576, 1577. (See n. 1, supra.) The plaintiff contends that this indicates that no such requirement had existed previously. We agree. All that was required previously was that the corporation have *either* an officer *or* an agent located in the county where the tort action arose and that it transact business there. However, since the defendant in this case had neither an office nor an agent in Cobb County, the plaintiff would not be entitled to sue there under either the 1975 or the 1976 amendment.

Although the trial court was correct in concluding that venue did not lie in Cobb County, his order granting summary judgment to the defendant must nevertheless be reversed due to a procedural flaw. A motion for summary judgment is designed to test the merits of a claim and cannot be granted on matters in abatement. *Ogden Equipment Co. v. Talmadge Farms, Inc.,* 232 Ga. 614 (208 SE2d 459) (1974). Such matters are properly disposed of pursuant to motion to dismiss. See Code Ann. §§ 81A-112 and 81A-143 (b). The case is accordingly

Ga. App. p. 265, erroneously quotes the 1975 statute as providing that a tort action may be filed in the county where the action arose "if the corporation *has an office* and transacts business in that county." (Emphasis supplied.) The words "has an office and" do not appear in the 1975 statute but were added by Ga. L. 1976, pp. 1576, 1577.

remanded with the direction that the complaint be dismissed for improper venue pursuant to the defendant's motion.

*Judgment reversed and remanded with direction. Deen, C. J., and Smith, J., concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED FEBRUARY 28, 1979 — REHEARING DENIED MARCH 16, 1979.

*Gerard & Matthews, William T. Gerard,* for appellant.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Gregory J. Digel, Eilene Crowley,* for appellee.