## 58039. NATIONAL HOME LIFE ASSURANCE COMPANY v. HAWKINS.

BANKE, Judge.

This is an appeal from an order denying the appellant corporation's motion to set aside a default judgment. The appellant contends that the person upon whom service was made was not an agent authorized to receive such service on its behalf. *Held:*

Under Code Ann. § 81A-104 (d) (1), service on a corporation may be made by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . ." (Emphasis supplied.) Service in this case was made at the company's office upon Ms. Caryl Swift, one of the company's insurance agents. The appellant contends that Ms. Swift was not an agent for the company as that term is used in Code Ann. § 81A-104 (d) (1), supra, because she was an independent contractor rather than an employee.

"An independent contractor may also be an agent. Thus, a person may be an independent contractor and at the same time . . . act as an agent . . . for a particular purpose, as, for example, for service of process . . ." 2A CJS 569, 574, Agency, § 12. See generally Code § 4-101. It is

undisputed that Ms. Swift had authority to request and receive orders for insurance on behalf of the company and thus to bring third parties into contractual relations with the company. Under this court's holding in *Adams v. Upjohn Co.,* 142 Ga. App. 264 (235 SE2d 584) (1977), this gave her sufficient authority to accept service of process on behalf of the corporation.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JUNE 14, 1979 — DECIDED JULY 16, 1979 — REHEARING DENIED JULY 30, 1979 —

*Maley & Crowe, W. Christopher Bracken, M. Douglas Mann,* for appellant.

*Harrison, Kovacich & Naughton, Davies Owens, Catherine G. Lynch,* for appellee.