A98A0951. DAVIS v. KAISER FOUNDATION HEALTH PLAN OF GEORGIA, INC.
(508 SE2d 431)

ANDREWS, Chief Judge.

Mary Lou Rippstine Davis appeals from the trial court's grant of summary judgment to Kaiser Foundation Health Plan of Georgia, Inc. (Kaiser) on its claim for reimbursement for medical payments made under Davis's health care plan. Because we hold the parties

were free to contract for reimbursement even when the insured was not completely compensated, we affirm.

The facts giving rise to this appeal are as follows. Davis was hit by a drunk driver in a pickup truck and suffered injuries requiring surgery to remove her spleen and to repair her foot and ankle. Davis sued the driver of the pickup truck and settled her claim for $15,000, the policy limits of his insurance. Davis had $100,000 under-insured motorist coverage with State Farm and recovered $85,000 from this policy. Kaiser then filed a complaint and sought to recover the $40,361.42 it had paid in medical expenses for Davis. The trial court granted Kaiser's motion for summary judgment on its claim, and this appeal followed.

The issue in this case is the one left open by the decision in *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646 (482 SE2d 325) (1997). In *Duncan*, the Court held that the complete compensation rule was the law in Georgia when the insurance policy at issue contained no provision to the contrary. Id. at 648. The Court did not decide the issue of whether public policy prevented enforcing policy provisions which expressly modified the complete compensation rule. Id.

After *Duncan*, the General Assembly enacted OCGA § 33-24-56.1, which codifies the complete compensation rule and provides that no policy or contract provisions for reimbursement in conflict with this Code section may be enforced by a benefit provider. OCGA § 33-24-56.1 (j). But, this statute did not become effective until July 1, 1997, and does not apply to this case.

Therefore, we must determine whether the complete compensation rule applies when there is a provision in the policy to the contrary. The provision in question reads as follows: "Even if the total amount you collect is less than your actual losses from the accident, you must pay us. However, you are not required to pay us more than the total amount you collect from the insurer and/or third party. If you make a reasonable effort but collect nothing, you owe us nothing."

It is general contract law that parties are free to contract about any subject matter and on any terms unless prohibited by statute or public policy, or when injury to the public interest clearly appears. *Century 21 &c. v. Cason*, 220 Ga. App. 355, 356 (469 SE2d 458) (1996). Here, the contract provision is not prohibited by statute, and no injury to the public interest is clearly apparent. As to whether the provision is prohibited by public policy, basic criteria have been set down for the determination of whether a contract is void as against public policy as follows: "A contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals

and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law." (Citations and punctuation omitted.) *Dept. of Transp. v. Brooks*, 254 Ga. 303, 312 (328 SE2d 705) (1985). Here, there is nothing to show the consideration for the contract was contrary to good morals or to the law or that it was for the purpose of effecting an illegal or immoral agreement. Indeed, we must presume that freedom to contract away the complete compensation rule was the law because, under the rules of statutory construction, we presume that at the time the legislature enacted OCGA § 33-24-56.1 (j), it was aware of existing law and the decision in *Duncan* and intended by its enactment to make some change in the existing law. *Balest v. Simmons*, 201 Ga. App. 605, 607 (411 SE2d 576) (1991); *C. W. Matthews &c. Co. v. Capital Ford Truck Sales*, 149 Ga. App. 354, 356 (254 SE2d 426) (1979). Additionally, we note that "the delicate and undefined power of courts to declare a contract void as contravening public policy should be exercised with great caution, and only in cases free from substantial doubt." *Foster v. Allen*, 201 Ga. 348, 349, hn. 3 (40 SE2d 57) (1946).

In determining whether public policy renders the provision unenforceable, Justice Sears's strong dissent in *Duncan* is also helpful. "Although I understand the nature of equitable subrogation, as well as the considerations supporting the complete compensation rule, under the standards for determining public policy discussed above, I cannot conclude that these equitable considerations constitute a public policy of this state so that an insurer and an insured can never enter into a clear agreement allocating their risks differently from those considerations." *Duncan*, supra at 652. The majority, as noted above, did not address the issue of whether or not parties could specifically contract so as to modify the complete compensation rule and, thus, did not disagree with this statement by the dissent. In light of this, we therefore adopt the excellent analysis set out in Justice Sears's dissent in *Duncan* and hold that public policy does not prohibit the enforcement of a policy provision specifically modifying the complete compensation rule.

This conclusion accords with our recent decision in *State Farm &c. Ins. Co. v. Walker*, 234 Ga. App. 101 (505 SE2d 828) (1998), in which we upheld the enforceability of an exclusion in an insurance policy providing: "If the injured person has been paid damages for the bodily injury by or on behalf of the liable party in an amount . . . equal to or greater than the total reasonable and necessary medical expenses incurred by the injured person, we owe nothing under this coverage." *Walker*, supra at 102. Although the issue in *Walker* is slightly different from the issue in this case because State Farm did not seek reimbursement or subrogation but instead relied on a cover-

age exclusion, it is similar in that we rejected the argument that the exclusion was against public policy, finding no reason to interfere with the parties' right to exclude coverage by express agreement. Id.

Similarly, for the reasons outlined above and in the dissent in *Duncan*, we find no reason to interfere with the right of these parties to contract for reimbursement of medical benefits even if the insured has not been completely compensated. Therefore, we hold the trial court did not err in granting Kaiser's motion for summary judgment.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 28, 1998 — 

*Larry R. Wight, Patrick J. Gibbs,* for appellant.

*Dennis, Corry, Porter & Gray, Grant B. Smith, John D. Dixon, Sharon W. Ware & Associates, Thomas C. MacDiarmid,* for appellee.