## A99A1685. LANDRUM v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

### (527 SE2d 637)

ELLINGTON, Judge.

William Landrum, the administrator of the estate of Samuel Landrum, appeals from the trial court's order entering a $115,000 judgment in favor of State Farm Mutual Automobile Insurance Company on its cross-claim for indemnity in this personal injury/automobile accident case brought by Elliott King, who is not a party to this appeal. For the following reasons, we affirm.

King sued Samuel Landrum for damages arising out of an automobile accident. Pursuant to OCGA § 33-7-11 (d), State Farm cross-claimed against Landrum, the tortfeasor, for indemnity or repayment of any award that King collected from State Farm under King's uninsured motorist coverage. Prior to trial, Colonial Insurance Company of California, Landrum's automobile liability insurer, tendered its policy limits to King ($100,000) and King released Colonial and Landrum for all claims "except to the extent other insurance coverage is available which covers such claim or claims." The release, drafted by Landrum's attorneys, was limited as follows:

> This limited release is in no way intended to release any claims for uninsured or underinsured motorist coverage I [(King)] have or may have against State Farm Insurance Company. This release cannot and does not release whatever rights and interests State Farm Insurance Company might have or claim hereafter against Samuel Landrum pursuant to *Darby v. Mathis*, 212 Ga. App. 444 [(441 SE2d 905) (1994)]. This provision takes precedent [sic] to any other provisions herein to the contrary.

King then proceeded to trial, the jury awarded him $300,000, and the trial court entered judgment against Landrum. The parties agree that after the insurers paid their policy limits, $85,000 of the jury's award to King remained unsatisfied. After releasing the jury, the

trial court heard argument on State Farm's cross-claim and entered judgment[1] for State Farm against Landrum in the amount of State Farm's payment to King, $115,000. Landrum argues that because King did not receive full compensation for his loss, State Farm may not assert its subrogation rights against him. State Farm argues that under the circumstances of this case, King was fully compensated.

"The right of subrogation can arise from either equity, contract, which is referred to as 'conventional subrogation,' or statute." *State Farm &c. Ins. Co. v. Cox*, 271 Ga. 77 (515 SE2d 832) (1999). Pursuant to OCGA § 33-7-11 (f), State Farm is subrogated to King's rights against Landrum to the extent of the payment it made to King. Traditionally, a subrogee "stands in the shoes" of the insured and can pursue any cause of action assigned to it. "[T]he subrogee is placed in the same position as the subrogor which includes the disabilities as well as the rights." *Travelers Ins. Co. v. Commercial Union Ins. Co.*, 176 Ga. App. 305, 308 (335 SE2d 681) (1985). State Farm's rights against Landrum were not altered or destroyed. The release King signed not only reserved his cause of action against Landrum to the extent of his UM coverage, it was conditioned upon a reservation of whatever rights State Farm might thereafter claim against Landrum. See *Darby v. Mathis*, supra at 445-446 (2). And, because State Farm is not seeking reimbursement of benefits paid to King *from King* or exercising its subrogation rights to achieve such a reimbursement, the "full compensation" rule does not act to bar State Farm's subrogation rights against Landrum under the circumstances of this case.

In 1997, the Supreme Court articulated the rationale underlying the "full compensation" rule, stating:

> Where the insurer or the insured must go unpaid to some extent, the loss should be borne by the insurer, since the insurer has already been paid a premium for assuming this risk and would have been obligated to pay medical expenses regardless of its insured's negligence and regardless of whether a culpable third party could have been found.

(Citation omitted.) *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646, 647 (482 SE2d 325) (1997). This "full compensation" rule was codified a year later in OCGA § 33-24-56.1. The statute provides, in pertinent part, that a benefits provider may require reimbursement for medical expenses or disability payments from the injured party only if the

---

[1] Because it appears the trial court made a ruling of law based upon undisputed facts, we apply the "plain legal error" standard of review. See *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999).

injured party has received a recovery that "exceeds the sum of all economic and non-economic losses incurred as a result of the injury, exclusive of losses for which reimbursement may be sought under this Code section." OCGA § 33-24-56.1 (b) (1). To further the purposes of this rule, the legislature provided that "[s]ubrogation for medical expenses and disability payments by a benefit provider against a person at fault for injury is prohibited." OCGA § 33-24-56.1 (e). Thus, an insured is not put in a position of "contracting away his or her right to sue after being compensated by the insurer for medical expenses and disability payments." 14 Ga. St. U. L. Rev. 172, 176 (1997). And, as the Supreme Court recently explained, this statute renders unenforceable conventional subrogation provisions in a policy that permits reimbursement from the insured when the insured is not fully compensated. *Davis v. Kaiser Foundation Health Plan*, 271 Ga. 508, 511 (521 SE2d 815) (1999).

As one commentator stated, "[t]he intent of the statute is to give the injured party *first priority* of recovery from the tortfeasor until complete compensation has been achieved." (Emphasis supplied.) 49 Mercer L. Rev. 313, 319, Trial Prac. & Proc. Also, this Court has consistently discussed the application of subrogation rights in this context using priority terminology. See, e.g., *Cherokee Ins. Co. v. Lewis*, 187 Ga. App. 628, 630 (371 SE2d 103) (1988), rev'd on other grounds, 258 Ga. 839 (375 SE2d 850) (1989) ("[N]o *paramount* right of subrogation arises until the insured has received full satisfaction of his judgment against the uninsured driver.") (emphasis supplied); *Mullenberg v. K. J. Saxon Constr. Co.*, 192 Ga. App. 281, 282 (1) (384 SE2d 418) (1989).

In this case, State Farm has not sought reimbursement from King, the injured party. It has not claimed any portion of the $215,000 in King's possession. Therefore, the "full compensation" rule codified at OCGA § 33-24-56.1 (b) (1) does not prohibit State Farm's subrogation claim against Landrum. Further, State Farm has not sought to recover medical or disability payments it made to King either from King or from Landrum pursuant to a subrogation agreement. Therefore, OCGA § 33-24-56.1 (e) does not apply. State Farm exercised its statutory subrogation rights pursuant to OCGA § 33-7-11 (f) and sought reimbursement from the tortfeasor for the amount it paid to King. Because King released Landrum for all claims except to the extent of his UM coverage, King has no further claim against Landrum nor is he entitled to any potential recovery from Landrum. See *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. 499, 501 (1) (492 SE2d 268) (1997). Thus, State Farm is not asserting priority to any part of King's actual or potential recovery. Consequently, this is not a contest between the insured and the insurer which could result in the insured going unpaid to some extent. Thus, pretermitting

whether King was fully compensated for his loss under the circumstances of this case, allowing State Farm to exercise its subrogation rights against Landrum will not deprive King of his priority under the full compensation rule. Moreover, to bar subrogation in this case would defeat one of the equitable purposes of subrogation: to deter wrongdoing by placing the ultimate responsibility for paying an obligation on "the person who in equity and good conscience ought to pay for it." See 16 Couch on Insurance 2d, § 61.18, p. 9. For these reasons, we find that the full compensation rule does not defeat State Farm's subrogation rights under these circumstances.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 12, 2000.

*Downey & Cleveland, Tara M. Waller*, for appellant.
*Greer, Klosik & Daugherty, Robert J. McCune*, for appellee.